Filed 2/13/25  P. v. Pennix CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B336054 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA024234) |
| v. | |
| LADERO PENNIX, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Judith L. Meyer, Judge.  Reversed and remanded with directions.

Crystal A. Morgan for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Ladero Pennix appeals from an order denying his petition for recall and resentencing under Penal Code section 1170, subdivision (d)(1) (section 1170(d)(1)).[1] In 1995 Pennix was convicted of crimes he committed when he was 16 years old, including multiple murders, attempted murder, and robberies. He was sentenced to four life terms plus a determinate term of 74 years in state prison. Section 1170(d)(1) allows juvenile offenders to petition for recall and resentencing after 15 years of incarceration if they were sentenced to life without the possibility of parole (LWOP). Pennix argued in his petition that his sentence of more than 74 years to life was the functional equivalent of an LWOP sentence under *People v. Heard* (2022) 83 Cal.App.5th 608 (*Heard*), and therefore he was entitled to resentencing relief to avoid an equal protection violation.

The superior court denied Pennix's petition but not based on section 1170(d)(1). Instead, the superior court denied the petition without a hearing, erroneously believing that Pennix was seeking relief under former section 1170, subdivision (d)(1), now codified as section 1172.1. Under that section, an inmate is only eligible for relief upon a recommendation from the Secretary of the Board of Parole Hearings or other specified entities. Pennix contends, the People concede, and we agree the superior court erred in denying Pennix's petition based on the wrong Penal Code provision. We reverse the order and remand for the superior court to consider Pennix's petition for recall and resentencing under current section 1170(d)(1) in light of *Heard* and recent equal protection decisions.

---

[1] Further statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 1995 Pennix was convicted of two counts of murder, two counts of attempted murder, and 10 counts of robbery. The trial court sentenced Pennix to a determinate term of 74 years plus four life sentences. Pennix was 16 years old at the time he committed the crimes.

In September 2023 Pennix filed a petition for resentencing pursuant to section 1170(d)(1) in which he stated he was 16 years old at the time of his crime; he was sentenced to four life sentences plus 74 years; he served at least 15 years of his sentence; and he met the other requirements for relief under section 1170(d)(1). Pennix's petition included a handwritten statement explaining his remorse for having committed the crimes. The form petition stated at the top of the document that the petition was being filed under section 1170(d)(1) and *Heard, supra*, 83 Cal.App.5th 608. Pennix attached documentation of his rehabilitation, including certificates showing completion of multiple programs, classes he had taken, letters of recommendation, and letters of remorse he sent to victims of his crimes.

On October 10, 2023 the superior court in chambers denied Pennix's petition without prejudice, stating section 1172.1, which replaced former sections 1170.03 and 1170, subdivision (d), limited the court's authority to recall a felony sentence, allowing recall only in response to a recommendation from the Secretary of the Department of Corrections and Rehabilitation, the Board of Parole Hearings, the county correctional administrator for county jail commitments, the district attorney of the county in which the defendant was sentenced, or the Attorney General for offenses

that office prosecuted. Thus, in the absence of a request from one of those entities, Pennix had no right to initiate a request for recall of his sentence.

Pennix timely appealed.

## DISCUSSION

Section 1170(d)(1) provides, "When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing." (§ 1170, subd. (d)(1)(A).) The Legislature added subdivision (d)(1) to section 1170 in 2012 (initially codified as subdivision (d)(2))[2] by the enactment of Senate Bill No. 9 (2011-2012 Reg. Sess.) (Senate Bill 9). (*In re Kirchner* (2017) 2 Cal.5th 1040, 1049.) A petition under section 1170(d)(1) must include a statement describing the defendant's remorse, work towards rehabilitation, and a statement that one of four qualifying circumstances is true. (§ 1170, subd. (d)(2).) If the court finds by a preponderance of the evidence that one of the four qualifying statements is true, "the court shall recall the sentence and commitment previously ordered and hold a hearing to resentence the defendant in the same manner as if the defendant had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1170, subd. (d)(5).)

---

[2] In 2021 the Legislature renumbered section 1170, former subdivision (d)(2), as section 1170(d)(1). (Stats. 2021, ch. 731, § 1.3.)

Although section 1170(d)(1) limits resentencing relief to juvenile offenders sentenced to LWOP, the Courts of Appeal in *Heard, supra*, 83 Cal.App.5th 608 and *People v. Sorto* (2024) 104 Cal.App.5th 435 held that sentences for juvenile offenders of 100 or more years to life are the functional equivalent of LWOP sentences because the parole eligibility date falls outside the offender's natural life expectancy, and the juvenile offenders are therefore "entitled to section 1170(d) relief under the constitutional guarantee of equal protection." (*Sorto*, at pp. 439-440; see *Heard*, at p. 612.)

In contrast to current section 1170(d)(1), former section 1170, subdivision (d)(1), authorized the trial court to modify a defendant's sentence upon a recommendation from the Secretary of the Department of Corrections and Rehabilitation, the Board of Parole Hearings, or the district attorney to "recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced . . . ." (*People v. McCallum* (2020) 55 Cal.App.5th 202, 205-206.) Effective January 1, 2022 Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719, §§ 1-7) amended the recall provision in former section 1170, subdivision (d)(1), and moved it to former section 1170.03. Section 1170.03, like former section 1170(d)(1), required the superior court, upon a recommendation for recall and resentencing by the Secretary or specified entities, to provide notice of the recommendation, appoint counsel for the defendant, hold a hearing, and state on the record the reasons for its decision to grant or deny recall and

5

resentencing.[3] (§ 1170.03, subds. (a)(1), (6), (8) & (b)(1).) In addition, the statute established a presumption in favor of recall and resentencing of the defendant. (*Id.*, subd. (b)(2).) The Legislature subsequently renumbered section 1170.03, effective June 30, 2022, as section 1172.1 with no change in text. (Stats. 2022, ch. 58, § 9.)

The superior court, in considering Pennix's petition under 1172.1, committed an error of law. Accordingly, we reverse the superior court's order denying Pennix's petition for resentencing and remand to the superior court with directions to reconsider Pennix's petition in light of current section 1170(d)(1), the decisions in *Heard, supra*, 83 Cal.App.5th 608 and *People v. Sorto, supra*, 104 Cal.App.5th 435, and any other decisions addressing whether denial of a petition for resentencing relief under section 1170(d)(1) for a juvenile offender sentenced to a lengthy term-of-years sentence denies the petitioner equal protection of the law under the United States or California Constitution.

---

[3] The amended statute also provided that the Attorney General could recommend resentencing if the Department of Justice originally prosecuted the case. (Former § 1170.03, subd. (a)(1).)

## DISPOSITION

The order denying Pennix's request for resentencing is reversed and the matter is remanded for the superior court to consider Pennix's petition under current section 1170(d)(1) consistent with this opinion.

FEUER, J.

We concur:

MARTINEZ, P. J.

PULOS, J.*

---

\*      Judge of the San Diego County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7